#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREA K. CLARK, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. 09-CV-469-PJC |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
|        Defendant. | ) |

### OPINION AND ORDER

Claimant, Andrea K. Clark ("Clark"), pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Clark's application for disability benefits under the Social Security Act, 42 U.S.C. §§ 401 *et seq*. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Clark appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Clark was not disabled. For the reasons discussed below, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### Procedural History

On February 16, 2007, Clark protectively filed applications seeking disability insurance benefits and supplemental security income under Title II and Title XVI, 42 U.S.C. §§ 401 *et seq.* (R. 111-121). The applications were denied initially and on reconsideration. (R. 69-83). A hearing before ALJ Gene M. Kelly was held October 7, 2008 in Tulsa, Oklahoma. (R. 19-63).

After the hearing, the ALJ had new consultative examinations and reports completed. (R. 476-95). The ALJ notified Clark of this additional evidence by notice dated January 16, 2009. (R. 185-86). The January 16, 2009 Notice included a heading that stated: "Actions You Have A Right To Take." (R. 185). The text under that heading stated in part that "[y]ou may also request a supplemental hearing," and that "[i]f you request a supplemental hearing, I will grant the request unless I receive additional records that support a fully favorable decision." *Id.* Clark's attorneys submitted a letter dated January 23, 2009 discussing the additional consultative examinations and stating that if the ALJ did not believe that they supported a finding of disability, Clark requested a supplemental hearing. (R. 187).

No supplemental hearing was held, and the Administrative Transcript filed in this case contains no indication that the ALJ responded to the January 23, 2009 letter requesting a supplemental hearing. By decision dated March 10, 2009, the ALJ found that Clark was not disabled at any time through the date of the decision. (R. 9-18). The ALJ's decision did not mention that Clark had requested a supplemental hearing. *Id.* On May 28, 2009, the Appeals Council denied review of the ALJ's findings. (R. 1-4). Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981, § 416.1481.

## Review

The normal standard of review does not apply to the present case, because the undersigned agrees with Clark that the ALJ's failure to grant the request for a supplemental hearing requires reversal on procedural grounds. The problems with the ALJ's failure to address Clark's request for a supplemental hearing are clearly illustrated in *Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005). In *Yount*, the claimant was examined after the hearing before the ALJ, and the ALJ

2

subsequently wrote to the claimant's counsel that he could request a supplemental hearing.[1] The claimant's counsel made the written request for a supplemental hearing, but the ALJ did not respond to this written request and instead issued a decision unfavorable to the claimant. *Id.* at 1234. Because the claimant's counsel had no "meaningful opportunity to address the post-hearing evidence," the Tenth Circuit ruled that the due process rights of the claimant had been violated, because he had been denied a full and fair hearing. *Id*. at 1236. *See also Taylor v. Astrue*, 2010 WL 3277426 (N.D. Okla.), *quoting Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) ("Procedural or technical errors do not require reversal if the errors are 'minor enough not to undermine confidence in the determination of [the] case.'").

*Yount* governs here. It was a violation of Clark's due process for her request for a supplemental hearing to be ignored. Because neither Clark nor the Commissioner cited *Yount* in their opening briefs, and Clark only cited *Yount* in passing in her Reply Brief, the Court ordered supplemental briefing for the parties to explain whether they believed *Yount* required reversal here and to give reasons if they believed *Yount* was not applicable. The Court finds the Commissioner's arguments, both in the original briefing, and in the supplemental briefing, to be unpersuasive.

In the original briefing, the Commissioner had cited in passing *Allison v. Heckler*, 711 F.2d 145, 147 (10th Cir. 1983), an earlier precedent than *Yount*, that Clark had cited in her opening brief. The Commissioner failed, however, to discuss *Allison* in any detail, but then proceeded to state that Clark had not "met her burden to show how posing additional questions to the [Vocational Expert] at a supplemental hearing would have resulted in a different outcome." Commissioner's Brief, Dkt.

---

[1] The language of the notice quoted by the Tenth Circuit in *Yount* appears to be virtually identical to the notice in the present case.

3

#19, p. 2. A cursory reading of *Allison* illustrates that the Commissioner's position, that Clark had any burden here, is in error. The *Allison* court stated as a broad proposition that "[a]n ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report." *Allison*, 711 F.2d at 147 (citations omitted). The Tenth Circuit said that it joined with other courts in viewing the practice with "some alarm" and stated that the ALJ's reliance on a post-hearing report denied the claimant "a full and fair hearing." *Id.* There was no mention in *Allison* of the claimant having any burden at all in asking for a supplemental hearing.

In his original brief, the Commissioner cited *Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009) in support of his position, quoting it for the proposition that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Sanders* involved the question of due process in the context of notice requirements in Veterans Court when veterans make benefits claims. *Id.* at 1700-01. A statute required the Veterans Court to "take due account of the rule of prejudicial error" and the Veterans Court had developed detailed procedures for notice errors. *Id.* The Federal Circuit had required the Veterans Administration, instead, to presume that a notice deficiency was prejudicial unless the Veterans Administration could show that it was harmless error. *Id.* at 1702-03. The Supreme Court found that the Federal Circuit's presumption of prejudicial error was not a proper standard, and it was in this context that it said that ordinarily the party challenging the agency determination has the burden of showing that the error is not harmless. *Id.* at 1705-06.

The undersigned finds *Sanders* to be inapplicable to the analysis before it. *See Crock v. Astrue*, 2010 WL 2640324 (W.D. Penn.) (declining to apply *Sanders* to error of ALJ at Step Five in

failing to include all limitations in a hypothetical to the Vocational Expert). Several courts have cited *Sanders* in applying the concept of harmless error in Social Security disability cases, including the Tenth Circuit in *Jimenez v. Astrue*, 2010 WL 2653361 (10th Cir.) (error of omitting a physician's report from the administrative transcript filed in the district court was at most harmless error); *but see Powell v. Barnhart*, 69 Fed. Appx. 405, 411 (10th Cir. 2003) (unpublished) (questioning, without deciding, whether principles "developed in other administrative review settings should be mechanically imported into the particular context of social security disability proceedings") (citations omitted). In the present case, however, the question is one of due process, and the Tenth Circuit has stated clearly in *Yount* that the Social Security Administration must grant the claimant a supplemental hearing in circumstances such as those presented here if the claimant requests one. *Yount*, 416 F.3d at 1235-36. The Tenth Circuit in *Yount* rejected the requirement that the district court made that the claimant show that important facts would be proven at a supplemental hearing. *Id.* The undersigned does not view *Sanders* as in any way reversing these aspects of *Yount* so that a Social Security disability claimant has a burden to make a showing before being granted a supplemental hearing when the ALJ has relied on post-hearing reports.

In his supplemental brief, the Commissioner urges that *Allison* and *Yount* should be limited to their facts and that here Clark "sought a supplemental hearing solely for the purpose of questioning the vocational expert on matters which would not change the outcome of the ALJ's decision." Commissioner's Supplemental Brief, Dkt. #23, p. 5. The Commissioner urges the Court not to broaden the holdings of *Allison* and *Yount*. The undersigned disagrees with the Commissioner's contorted interpretation of these Tenth Circuit precedents that would limit their applicability according to the stated reason why a claimant requested a supplemental hearing. The

Tenth Circuit's holding in both *Allison* and *Yount* was that the claimants were entitled to a supplemental hearing to address reports that were prepared after the original hearing with the ALJ. The claimants had no obligation to provide any reason for desiring a supplemental hearing. The Tenth Circuit rejected the argument that the Commissioner made in *Yount* that the claimant wanted the supplemental hearing solely to cross-examine the physician. *Yount*, 416 F.3d at 1236. The Tenth Circuit said that the attorney had mentioned that issue but did not indicate it was the sole purpose for the request. *Id.* Here, the undersigned interprets the letter of Clark's attorney in a similar way. While the issue of presenting additional limitations to the Vocational Expert was mentioned, the general purpose of the supplemental hearing was to allow Clark to address the evidence of the post-hearing reports.

Reversal is required here because the ALJ's failure to grant Clark a supplemental hearing violated her procedural due process rights.

## Conclusion

Based upon the foregoing, the Court **REVERSES AND REMANDS** the decision of the Commissioner denying disability benefits to Claimant for further proceedings consistent with this Order.

Dated this 29th day of September, 2010.

Paul J. Cleary
United States Magistrate Judge